**Opinion filed March 6, 2015**



## In The

# Eleventh Court of Appeals

_____

## No. 11-14-00339-CR

_____

## STACY DARNELL, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**

**Brown County, Texas**

**Trial Court Cause No. CR22692**

### M E M O R A N D U M   O P I N I O N

Appellant, Stacy Darnell, judicially confessed and pleaded no contest to the offense of possession of a controlled substance in a drug-free zone and pleaded true to the habitual-offender enhancement allegation. The trial court assessed Appellant's punishment in accordance with the terms of his plea agreement in this case at confinement for thirty years. We dismiss the appeal.

This court notified Appellant by a letter dated December 5, 2014, that we had received information from the trial court that Appellant waived his right of

appeal and that this is a plea-bargain case in which Appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d). We requested that Appellant respond and show grounds to continue the appeal. Appellant has filed a response in which he asserts, among other things, that the State lacked probable cause, that he has a right to appeal, and that his guilty plea and waiver of appeal were not voluntary.

Rule 25.2(a)(2) provides that, in a plea bargain case in which the punishment does not exceed the punishment agreed to in the plea bargain, "a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." The documents on file in this case reflect that Appellant entered into a plea bargain; that his punishment was assessed in accordance with the plea bargain; and that Appellant affirmatively, "voluntarily, knowingly and intelligently waive[d] [his] right to appeal." The trial court's certification was signed by Appellant's trial counsel and the judge of the trial court, and it reflects that Appellant declined to sign. The trial court certified that Appellant has no right of appeal. The documents on file in this court support the trial court's certification and show that Appellant waived his right of appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005). Accordingly, we must dismiss this appeal without further action. TEX. R. APP. P. 25.2(d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

Accordingly, this appeal is dismissed.

PER CURIAM

March 6, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.